**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARIC MICHAEL McGINN, <br><br> Defendant. | No. CR06-4090-DEO <br><br> **REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

_____

This matter came on for hearing on January 7 and 21, 2009, for a report and recommendation on the plaintiff's motion to revoke the defendant's term of supervised release. The plaintiff (the "Government") was represented by Assistant United States Attorney John Lammers. The defendant Aric Michael McGinn appeared in person with his attorney, Priscilla Forsyth. The Government offered the testimony of U.S. Probation Officer Sandra Dodge. The court has considered the evidence and the arguments of counsel, and makes the following report and recommended disposition of the petition to revoke supervised release.

## *I. INTRODUCTION*

On May 2, 2007, McGinn was sentenced by the Honorable Donald E. O'Brien to twenty-one months' incarceration on a charge of possession of a firearm by a domestic abuser in violation of title 18 United States Code, sections 922(g)(9) and 924(a)(2). *See* Doc. Nos. 2 & 25. McGinn began serving his term of supervised release on April 29, 2008. He then surrendered to state custody to complete a state term of imprisonment, and he was released on state parole on July 15, 2008, when he resumed his term of supervised release.

On December 31, 2008, USPO Dodge filed a petition for issuance of a warrant for McGinn's arrest based on alleged violations of his conditions of supervised release. Dodge alleged McGinn had tested positive for drugs on two occasions; he had failed to maintain employment; he had quit his job and moved without notifying Dodge; he had associated with drug users; he had had five encounters with state law enforcement that he failed to report to Dodge; and he had failed to appear for a scheduled meeting with Dodge. *See* Doc. No. 28. Due to these violations, set forth in detail in the petition filed December 31, 2008, Dodge recommended that McGinn be brought before the court for a revocation hearing.

The Government offered the testimony of USPO Dodge. One exhibit was admitted into evidence, to-wit: **Gov't Ex. 1** - Conditions of Supervised Release, Doc. No. 25, pp. 3-4. McGinn did not offer evidence, but he made a statement in his own behalf.

The undersigned has considered the evidence and the arguments of counsel, and makes the following findings of fact.

## II. FINDINGS OF FACT

McGinn stipulated to the technical violations of his conditions of supervised release as set forth in the petition for revocation. The violations are as follows:

- McGinn submitted urine samples on November 7 and 17, 2008, that tested positive for amphetamines. This violates a mandatory condition of supervised release providing, "The defendant shall refrain from any unlawful use of a controlled substance." *See* Doc. No. 25, p. 3.

- McGinn failed to appear for a scheduled appointment with Dodge on December 23, 2008, in violation of Standard Condition of Supervised Release #2, which provides that "the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." *Id.*

- McGinn has been unemployed since November 7, 2008, in violation of Standard Condition of Supervised Release #5, which provides that "the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons." *Id.*

- McGinn failed to notify Dodge prior to moving and prior to quitting his job, in violation of Standard Condition of Supervised Release #6, which provides that "the defendant shall notify the probation officer at least ten days prior to any change in residence or employment." *Id.*

- McGinn's girlfriend tested positive for methamphetamine and marijuana. McGinn's association with his girlfriend violated Standard Condition of Supervised Release #9, which provides that "the defendant shall not associate with any persons engaged in criminal activity. . . ." *Id.*

- McGinn was questioned by law enforcement officers on September 27, and October 11, 19, 26, and 29, 2008, and he failed to notify Dodge of these events, in violation of Standard Condition of Supervised Release #11, which provides that "the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." *Id.*

One additional violation was included in the petition for revocation relating to McGinn's December 27, 2008, arrest in Crawford County, Iowa, on charges of possession of a controlled substance (marijuana), gathering where controlled substances are used, prohibited acts, and possession of drug paraphernalia. There has been no disposition of those charges, and the Government has elected not to pursue its petition for revocation as to that violation at this time.

### III. ANALYSIS

The Government argues McGinn had a fair opportunity to comply with the conditions of his supervised release, and he chose not to do so, instead beginning to violate

3

those conditions immediately after he was released from custody. The Government therefore asserts McGinn should be required to serve some jail time as a sanction for his violations. In addition, the Government indicated there will not be a halfway house placement within the Northern District of Iowa available to McGinn for about six months. He likely could be placed in a halfway house in Council Bluffs, in the Southern District of Iowa before then, but according to Dodge, such a placement would be more costly and difficult for this court's supervision of his release.

McGinn requests placement in the Council Bluffs halfway house. He has family members residing close to that location who could provide support during his halfway house term.

In order to modify the terms or conditions of supervised release, the "district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

The undersigned finds by a preponderance of the evidence that McGinn violated the terms and conditions of supervised release. Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

4

(a) . . . The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    \*   \*   \*

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

\*   \*   \*

(4) the kinds of sentence and the sentencing range established for –

    \*   \*   \*

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

    (A) issued by the Sentencing Commisison pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the

> Sentencing Commission into amendment sissued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e). Accordingly, the court turns to consideration of the factors set forth above.

### A. *Nature and circumstances of offense, and McGinn's history and characteristics*

McGinn's original offense arose from his possession of a firearm after having been convicted of a misdemeanor crime of domestic abuse. *See* Doc. No. 2. The record indicates this was not a simple case of the possession of a shotgun used for hunting. Rather, McGinn was in possession of numerous weapons, including machine guns and a semi-automatic weapon with a silencer. He also was in possession of items commonly used in the construction of explosive devices. These facts and McGinn's twenty-one-month federal sentence point to the seriousness of the charge against McGinn.

Nevertheless, McGinn served his time. He voluntarily surrendered himself into state custody to complete an outstanding state sentence. When he was released from state custody, he obtained employment within a reasonable period of time. He admits his place of employment was not conducive to a clean and sober lifestyle, and he quickly fell back into his old associations and habits. Despite the recommendation of federal authorities that

6

he be placed in a halfway house upon release from custody to ease his transition into the community, that action was not taken.

The court finds that circumstances made it more difficult for McGinn to transition smoothly into the community. He was scheduled to be released from federal custody into a halfway house to facilitate his successful transition into the community. Instead, he surrendered to state custody to complete a state term of imprisonment, after which he was released directly into the community without the benefit of halfway house transition. McGinn admits he made some poor choices in his selection of employment and his associations, and he evinces remorse for his actions and an understanding of what is now expected of him in terms of his supervised release.

On balance, the court finds this factor weighs neither in favor of nor against the plaintiff's petition for revocation.

### B. *Deterrence of criminal conduct*

Any modification of supervised release imposed upon McGinn must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(1)(2)(B). The court finds that modifying McGinn's term of supervised release at this juncture, rather than returning him to custody, is likely to act as a deterrent by imposing upon McGinn the absolute necessity of complying with the terms of his supervised release in the future. Indeed, the court notes that if McGinn commits additional violations of those terms, revocation would be the most likely result.

### C. *Protection of the Public from Further Crimes*

The evidence suggests that a term in a halfway house would facilitate McGinn's orderly transition into the community and protect the public from further crimes. Halfway house placement was recommended initially, but due to the circumstances, it was never

7

accomplished. The court finds modification of McGinn's term of supervised release would be adequate to address the public's need to be protected from further crimes, as required by 18 U.S.C. § 3553(a)(2)(C).

### D. *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

There is no evidence regarding McGinn's need for educational or vocational treatment, or other correctional treatment. There is evidence that he might benefit from a substance abuse evaluation and appropriate treatment, which he could receive either in custody or in the halfway house.

### E. *Sentencing Considerations*

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of McGinn's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. McGinn has committed Grade C violations. A Grade C violation consists of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or
> (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke McGinn's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be six to twelve months. *See* U.S.S.G. § 7B1.3(b); U.S.S.G. § 7B1.4(a) (6-12 months for Grade C violation with Criminal History Category of IV).

Should the court decide not to revoke McGinn's term of supervised release, McGinn's period of supervised release may not be extended because he already was sentenced to the maximum authorized term of supervised release. *See* 18 U.S.C. § 3583(e)(2). The court may, however, "modify, reduce, or enlarge the conditions of supervised release" as prescribed by the statute and Rule 32.1, Federal Rules of Criminal Procedure. *Id*. Thus, McGinn's term of supervised release could be modified by placement in a halfway house either immediately, or after any term of imprisonment if his term of supervised release is revoked.

### F. *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

### G. *Recommendation*

Upon consideration of all of the above factors, the court finds McGinn would benefit from immediate placement in the halfway house in Council Bluffs, Iowa. The added difficulty and expense of supervising McGinn in that location are not appropriate factors for consideration in determining whether McGinn's term of supervised release should be modified or revoked. USPO Dodge has advised that McGinn likely could be

9

placed in the Council Bluffs halfway house relatively soon, whereas he would have to wait six months or more for placement in a halfway house in the Northern District of Iowa. The undersigned therefore recommends McGinn's term of supervised release be modified to provide for his placement as soon as possible in the Council Bluffs halfway house, and that he remain in the halfway house for a period of six months.

## IV. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] to this Report and Recommendation, that the Government's motion to revoke McGinn's supervised release be **denied**, and McGinn's term of supervised release be extended and modified as set forth above.

Objections must be filed **by January 30, 2009**. Responses to objections must be filed **by February 3, 2009**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of January, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.